ORIGINAL

WILSON PETTY KOSMO & TURNER LLP
ROBIN A. WOFFORD (137919)
HUBERT KIM (204957)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: rwofford@wpkt.com
E-mail: hkim@wpkt.com

Attorneys for Defendant EQUILON ENTERPRISES LLC dba SHELL OIL PRODUCTS US

FILED
2008 MAY 30 PM 12: 22
US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY

VIA FAX

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SAMUEL ST. JAMES,

Plaintiff,

v.

EQUILON ENTERPRISES, LLC, dba SHELL OIL PRODUCTS US; CITIGROUP BANK, and DOES 1 through 20, INCLUSIVE,

Defendants.

Case No. '08 CV 0962 BEN AJB

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)**

Complaint Filed: April 10, 2008

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant EQUILON ENTERPRISES LLC, DBA SHELL OIL PRODUCTS US ("Equilon") hereby removes this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District Of California, pursuant to 28 U.S.C. §§ 1441 and 1446 and sets forth in support of its Notice of Removal of Action the following:

1. On April 10, 2008, Plaintiff Samuel St. James ("Plaintiff") commenced this action in the Superior Court of the State of California, County of San Diego, entitled *Samuel St. James v. Equilon Enterprises, LLC, dba Shell Oil Products US, et al.*, Case No. 37-2008-00081610-CU-BC-CTL. A true and correct copy of the Summons and Complaint is attached as Exhibit 1.

2. The Complaint alleges the following twelve causes of action against Equilon and Defendant Citibank (South Dakota), N.A. ("Citibank"), erroneously sued as "Citigroup Bank": (1) Breach of Contract; (2) Bad Faith Breach of Contract; (3) Unjust Enrichment; (4) Declaratory Relief; (5) Constructive Trust Arising From Breach of Fiduciary Duty; (6) Fraud and Request for Constructive Trust; (7) Constructive Fraud / Breach of Fiduciary Duty; (8) Negligent Misrepresentation; (9) Negligence; (10) Breach of Resulting Trust; (11) Interference with Prospective Business Advantage; and (12) Unfair Business Practice.

3. Equilon was served by personal service of a Summons and Complaint on its agent for service of process on April 30, 2008. Equilon is informed and believes that at the time of the filing of this Notice, Defendant Citibank has not been served in this action.

4. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court by the defendants pursuant to the provisions of 28 U.S.C. § 1441(a) because it is a civil action between citizens of different states and it appears from the face of the Complaint that the matter in controversy herein exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

**Complete Diversity Exists**

5. At the time of the filing of his Complaint and this Notice of Removal, Plaintiff was and is a citizen of California, inasmuch as Plaintiff alleges that "[a]t all times mentioned herein, Plaintiff Samuel St. James … was and is an individual residing in the County of San Diego, State of California …." (Exhibit 1 at ¶ 5.) Plaintiff's residence is prima facie evidence that he is domiciled in California for purposes of diversity. (*State Farm v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).)

6. Equilon was, at the time this action was filed in state court, and still is, a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business located in the State of Texas. Equilon was not at any time and is not a citizen of the State of California. Each of Equilon's two members is incorporated in or is a limited liability company organized under the laws of, and each has its principal place of business in, a state other than California. The first member of Equilon is SOPC Holdings West LLC, a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place

of business located in the State of Delaware. SOPC Holdings West LLC has two members: Shell Oil Products Company LLC and Shell Oil Company. Shell Oil Products Company LLC is a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business located in the State of Texas. Shell Oil Company is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located in the State of Texas. Shell Oil Company is also the sole member of Shell Oil Products Company LLC. The second member of Equilon is TMR Company, a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located in the State of Texas.

7. In addition, Defendant Citibank was, at the time this action was filed in state court, and still is, a national bank organized under the laws of the United States with its principal place of business in Sioux Falls, South Dakota, and was not and is not a citizen of the State of California. For purposes of diversity jurisdiction, national banks, like Citibank, are "deemed citizens of the States in which they are respectively located." (*See* 28 U.S.C § 1348; *accord*, *American Surety Co. v. Bank of Cal.*, 133 F.2d 160, 162 (9th Cir. 1943); *Bank of Am. N.A. v. Johnson*, 186 F. Supp. 2d 1182, 1183-84 (W.D. Okla. 2001).) Accordingly, Citibank is a citizen of the State of South Dakota. Although Equilon is informed and believes that Citibank has not yet been served in this action, Citibank has consented to the filing of this Notice of Removal. (*See* Exhibit 2.)

8. The Complaint also names as defendants Does 1 to 20. Pursuant to 28 U.S.C. § 1441(a), the citizenship of these defendants is disregarded. Thus all defendants have consented to removal to this Court.

**The Amount In Controversy Requirement Is Satisfied**

9. Equilon is informed and believes from the face of the Complaint that the amount in controversy in this action exceeds $75,000, exclusive of interests and costs. Here, Plaintiff alleges he entered into an independent contractor agreement with Equilon to sell Shell Fleet Credit Cards in exchange for a commission on sales. (Exhibit 1 at ¶¶ 3, 12.) Plaintiff further alleges Equilon breached the independent contractor agreement by preventing or delaying the creation of new accounts, unnecessarily delaying the billing process and by failing to pay Plaintiff his commissions

according to the agreement and now seeks to recover damages for these alleged breaches. (*Id.* at ¶¶ 15-19.) In addition, Plaintiff alleges Equilon failed to provide Plaintiff with his share of the proceeds of sales generated by Plaintiff. (*Id.* at ¶ 25.) As a result, Plaintiff seeks to recover "his commissions and income acquired by each sale he made" on a going forward basis, claiming defendants have been unjustly enriched because they are "still benefiting from and receiving income from the work that Plaintiff did in soliciting and signing on companies for the Shell Credit Card Services." (*Id.* at ¶¶ 23, 26.)

10. Based on Equilon's records, between March 2006 and the date the independent contractor agreement was terminated (May 31, 2007), Plaintiff received commissions on his sales of Shell Fleet Credit Cards from Equilon totaling $331,208.28—an average of $19,482.84 per month. Thus, it is clear that by way of this lawsuit, Plaintiff seeks to recover in excess of $150,000.00 based on commissions he alleges he has earned since July 2007, but that have allegedly been wrongfully withheld due to the defendants' conduct. In addition, Plaintiff seeks his attorney's fees and cost of suit. (*See* Exhibit 1 at page 11, lines 3-5, 8.)

**The Other Requirements For Removal Are Met**

11. This Notice of Removal is being filed within thirty (30) days after service of receipt by these Defendants of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based. Therefore, this Notice is timely filed under 28 U.S.C. § 1446(b).

12. This Notice of Removal is being filed within one (1) year of the commencement of this action and therefore is timely filed under 28 U.S.C. § 1446(b).

13. Removal to this Court is proper as the Superior Court of the State of California, County of San Diego, where this action was originally filed, is located within this district.

14. Pursuant to 28 U.S.C. § 1446(a), and to the best of Equilon's knowledge, Exhibit 1 constitutes all of the process, pleadings and orders served upon Equilon at the time of this removal.

/ / /

/ / /

/ / /

15. Counsel for Equilon certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Diego, and give notice of same to counsel for Plaintiff.

Dated: May 30, 2008

WILSON PETTY KOSMO & TURNER LLP

By: [signature]

Robin A. Wofford
Hubert Kim
Attorneys for Defendant
EQUILON ENTERPRISES LLC DBA
SHELL OIL PRODUCTS US

{00022804; 1}

5

Case No.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
04/30/2008
CT Log Number 513375124

**TO:** Diane G Bowman, Legal Assistant
Shell Oil Company
One Shell Plaza, 910 Louisiana St., Room 4873
Houston, TX 77002

**RE:** **Process Served in California**

**FOR:** Equilon Enterprises LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Samuel St. James, Pltf. vs. Equilon Enterprises, LLC. etc., et al, Dfts. |
| **DOCUMENT(S) SERVED:** | Cover Sheet. Summons, Complaint, Notice, Stipulation Form |
| **COURT/AGENCY:** | San Diego County - Central District - Superior Court, CA<br>Case # 37200800081610CUBCCTL |
| **NATURE OF ACTION:** | Breach of Contract - preventing creating of new accounts, retaining current levels of business actions such as unneccessary tardy billing process |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/30/2008 at 14:55 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Elliot N. Kanter<br>Law Offices of Elliot N. Kanter<br>2445 5th Ave.<br>Suite 350<br>San Diego, CA 92101<br>619 231 1883 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/30/2008, Expected Purge Date: 05/05/2008<br>Image SOP - Page(s): 18<br>Email Notification, Diane G Bowman DIANE.BOWMAN@SHELL.COM<br>Email Notification, Simon Bolanos simon.bolanos@shell.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents

SUM-100

# SU...MONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
EQUILON ENTERPRISES, LLC, dba SHELL OIL PRODUCTS US; CITIGROUP BANK, AND DOES 1 THROUGH 20, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
SAMUEL ST JAMES

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN DIEGO SUPERIOR COURT
330 W. BROADWAY

SAN DIEGO, CA 92101
HALL OF JUSTICE

CASE NUMBER: *(Número del Caso):* 37-2008-00081610-CU-BC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ELLIOTT N. KANTER, CSB#95054 619-231-1883 619-234-4553
LAW OFFICES OF ELLIOTT N. KANTER
2445 5TH AVENUE, SUITE 350
SAN DIEGO, CA 92101

DATE: *(Fecha)* APR 1 0 2008 Clerk, by *(Secretario)* T. Lusch, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010))*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [✓] on behalf of *(specify)*: EQUILON ENTERPRISES, LLC DBA SHELL OIL PRODUCTS US

under:
[ ] CCP 416.10 (corporation)
[ ] CCP 416.20 (defunct corporation)
[ ] CCP 416.40 (association or partnership)
[✓] other *(specify)*:
[ ] CCP 416.60 (minor)
[ ] CCP 416.70 (conservatee)
[ ] CCP 416.90 (authorized person)

4. [ ] by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

Elliott N. Kanter, Esq., CSB 95054
Law Offices of Elliott N. Kanter
2445 Fifth Avenue, Suite 350
San Diego, CA 92101
(619) 231-1883
(619) 234-4553 (fax)

Attorneys for Plaintiff, ST. JAMES

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| SAMUEL ST. JAMES,<br><br>Plaintiff,<br><br>v.<br><br>EQUILON ENTERPRISES, LLC, dba SHELL OIL PRODUCTS US; CITIGROUP BANK, AND DOES 1 THROUGH 20, INCLUSIVE,<br><br>Defendant. | CASE NO 37-2008-00081610-CU-BC-CTL<br><br>COMPLAINT FOR:<br><br>**1. BREACH OF CONTRACT;**<br>**2. BAD FAITH BREACH OF CONTRACT;**<br>**3. UNJUST ENRICHMENT;**<br>**4. DECLARATORY RELIEF;**<br>**5. CONSTRUCTIVE TRUST;**<br>**6. FRAUD AND REQUEST FOR CONSTRUCTIVE TRUST;**<br>**7. CONSTRUCTIVE FRAUD/ BREACH OF FIDUCIARY DUTY;**<br>**8. NEGLIGENT MISREPRESENTATION;**<br>**9. NEGLIGENCE;**<br>**10. BREACH OF A RESULTING TRUST;**<br>**11. INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE**<br>**12. UNFAIR BUSINESS PRACTICES** |

## PRELIMINARY ALLEGATIONS

1. The subject of this action is a contract entered in to by Plaintiff and Defendant.

2. An agreement was reached in February 24, 2005, wherein Defendant hired Plaintiff as a contractor. A copy of the agreement is attached as exhibit A.

3 Plaintiff was hired to sell the Shell Fleet Credit Card as an independent contractor.

4 The sales Plaintiff made would be tied to a contractor's sales code so Plaintiff would be rightfully compensated.

5. At all times mentioned herein, Plaintiff Samuel St St. James (hereinafter referred to as "Plaintiff" or "St James") was and is an individual residing in the County of San Diego, State of California; that all matters and things herein complained of occurred within said County and State; that the above Court has jurisdiction of the within action.

6 Plaintiff is informed and believes and thereby alleges that EQUILON ENTERPRISES, LLC, dba SHELL OIL PRODUCTS US, a limited liability corporation, formed under the laws of the State of California.

7 Plaintiffs are presently unaware of the proper identity, specific factual involvement, or cooperation with or relationship to the other named Defendant or Defendants designated as DOES 1 through 20, herein. Because Plaintiff is unaware of the exact identity, capacity, actions and other pertinent facts regarding said Defendants named as DOES 1 through 20, Plaintiff therefore sue these Defendants by such fictitious names and herein reserve the right to amend this complaint when the true names, capacities and other facts become known and available with respect to the involvement of said DOE Defendants.

8. Plaintiff is informed and believe and thereon allege that at all times herein mentioned each of the Defendants was the agent, servant, independent contractor, partner, alter ego, successor and/or employee of his Co-Defendants and in doing the things hereinafter mentioned, was acting in the scope of his authority of such agent, servant, independent contractor, partner

alter ego, successor and/or employee and with the permission and consent and ratification of said Co-Defendants, and each of them

9. Plaintiff now seeks to receive an accounting and an appropriate portion of his interest in his salary and commissions.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(AS TO ALL DEFENDANTS)**

10 Plaintiff hereby incorporates each and every paragraph of the Preliminary Allegation as though set forth fully herein.

11 Plaintiff entered into an agreement with EQUILON ENTERPRISES, LLC, dba SHELL OIL PRODUCTS US

12. On or about February 24, 2005, it was agreed that Plaintiff would be hired as an independent contractor In turn, Plaintiff was to receive all of his commissions and income for all of Plaintiff's sales.

13. Defendants here failed to properly compensate Plaintiff. As such, the Defendants have breached the agreement entered into on or about February 24, 2005.

14. Plaintiff has performed all the conditions, covenants and promises required by him on his part to be performed in accordance with the terms and conditions of the contract.

15. Defendant EQUILON ENTERPRISES, LLC dba SHELL OIL PRODUCTS US impeded Plaintiff from earning income by preventing the gain or alternatively delaying the creation of new accounts, as well as retaining current levels of business through actions such as unnecessary delays in approving credit for new accounts.

16. Defendant EQUILON ENTERPRISES, LLC dba SHELL OIL PRODUCTS US impeded Plaintiff from earning income by preventing the gain or alternatively delaying the creation of new accounts, as well as retaining

current levels of business through actions such as unnecessary delays in processing new accounts.

17. Defendant EQUILON ENTERPRISES, LLC dba SHELL OIL PRODUCTS US impeded Plaintiff from earning income by preventing the gain or alternatively delaying the creation of new accounts, as well as retaining current levels of business through actions such as the unnecessary tardy billing process.

18. Defendant did not compensate Plaintiff according to the agreement, section 5, where Plaintiff receives commission for each market at shall be tied to contractor's sales code provided by CITIGROUP.

19. As a direct legal and/or proximate result of Defendants and Does 1 through 20, inclusive, breach of the contract, Plaintiff has been damaged in a sum to be proven at trial which includes, but is not limited to, actual damages, attorneys fees and costs of suit.

**SECOND CAUSE OF ACTION**
**BAD FAITH BREACH OF CONTRACT**
**(AS TO ALL DEFENDANTS)**

20. Plaintiff hereby incorporates each and every foregoing paragraph as though set forth fully herein.

21. The contract entered in to by Plaintiff and Defendants was unconscionable where it provides that Defendants may add or delete markets to the agreement with just prior written notice to the contractor, in this case Plaintiff. This is unilateral power to restrict the market, it is unfair to Plaintiff.

**THIRD CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(AS TO ALL DEFENDANTS)**

22. Plaintiff hereby incorporates each and every foregoing paragraph as though set forth fully herein.

23 Plaintiff Samuel St. James seeks to obtain his commissions and income acquired by each sale he made.

24. If the Defendants were allowed to keep the entirety of the proceeds without giving Plaintiff, Samuel St. James his portion, the Defendants and each of them would be unjustly enriched.

25. Defendants failed to provide Plaintiff with his share of the proceeds and as such, they have been unjustly enriched

26. Defendants are still benefitting from and receiving income from the work that Plaintiff did in soliciting and signing on companies for the Shell Credit Card Services.

**FOURTH CAUSE OF ACTION**
**DECLARATORY RELIEF**
**(AS TO ALL DEFENDANTS)**

27. Plaintiff hereby incorporates each and every paragraph of the Preliminary Allegation and of the foregoing Causes of Action as though set forth fully herein.

28. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties in that Plaintiff contends he is entitled to his income and commission of his sales..

29. Plaintiff desires a judicial determination of his rights and duties and a declaration as to the right of reimbursement from the proceeds.

30. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain his rights and duties regarding the proceeds of his sales.

**FIFTH CAUSE OF ACTION**
**CONSTRUCTIVE TRUST ARISING FROM BREACH OF FIDUCIARY DUTY**
**(AS TO ALL DEFENDANTS)**

31. Plaintiff realleges each of the foregoing paragraphs herein.

32. Plaintiff and Defendants and each of them entered into an agreement wherein Plaintiff was hired as an independent contractor

33. The goal of this contract was to hire Plaintiff, St. James as an independent contractor to sell or "sign on" clients for credit accounts for the purpose of making and recognizing a profit therefrom

34. It was expressly agreed that Defendant would compensate Plaintiff through commissions from the sales. Plaintiff and Defendant would both benefit from the sales made by Plaintiff

35. It was then agreed in 2005 that the Defendants would pay Plaintiff for all of his sales.

36. As a result of this agreement to hire Plaintiff a fiduciary duty was formed

37. A fiduciary relationship was formed here between the Plaintiff and each of the defendants. The specific duties the partners owe to each other are laid out in Corporations Code Section 16404 and include the duty of loyalty and the duty of care. Plaintiff alleges a breach of this fiduciary duty as well as the others contained in said Code Section based on the following and aforementioned facts.

38. The proceeds of the sales have not been transferred to Plaintiff.

39. A constructive trust is a proper remedy where Plaintiff is seeking recovery where the cause of action is based on actions which consist of fraud, breach of fiduciary duty or other act that entitles the plaintiff to some relief.

40. Herein Defendants breached their fiduciary duty to their independent contractor, which is Plaintiff, Samuel St. James, by not properly providing the proceeds of the sale of the business as stated above.

41. It is requested the Court impose a constructive trust over the proceeds of the sales made by Plaintiff.

///
///
///

## SIXTH CAUSE OF ACTION
## FRAUD AND REQUEST FOR CONSTRUCTIVE TRUST
## (AS TO ALL DEFENDANTS)

42. Plaintiff realleges each of the foregoing paragraphs herein

43. Plaintiff and Defendants and each of them entered into an agreement to profit from Plaintiff's sales made on behalf of Defendant.

44. Fraud must be specifically alleged showing "how, when, where, to who, and by what means the representations were tendered " (Lazar v. Superior Court (1996) 12 Cal. 4th 631,645.

45. Plaintiff alleges that an agreement was reached between himself and the Defendants and each of them, wherein he was to have and receive all of his interest in monies paid by the sales he made.

46. This was specifically told to him or affirmed to him by Steve Brommer.

47. The discussions about Plaintiff having his share of the sales he made took place in the 2005.

48. The representations made by each of the Defendants was a false representation in that there was not at the time any intention to relinquish said the funds.

49. Plaintiff relied to his detriment upon the representations of Defendants and each of them .

50. Defendants and each of them knew when they made the above referenced representations to Plaintiff that said representations were not true. Moreover, there was no intention at the time to provide Plaintiff with his interest as represented above

51. Defendants intended the Plaintiff to rely to his detriment, so they could keep the proceeds.

52. Plaintiff reasonably relied on these representations to his detriment and has been damaged as a result.

53. Plaintiff seeks money damages for the defendants actions as well as a constructive trust be imposed as to the proceeds of the sales.

**SEVENTH CAUSE OF ACTION**
**CONSTRUCTIVE FRAUD/BREACH OF FIDUCIARY DUTY**
**(AS TO ALL DEFENDANTS)**

54. Plaintiff realleges each of the foregoing paragraphs herein

55 Defendants owed Plaintiff a fiduciary duty created by the agreement between the parties to enter into a joint venture for the purposes of purchasing and profiting from a real estate venture. As partners, fiduciary duty is created to each partner. (See Corp Code 16404 )

56. Defendant's breached their duty by failing to honor the fiduciary duty and failing to properly convey the proceeds of the sale to Plaintiff.

57 As a result of the foregoing breaches Plaintiff was injured in that he lost his interest in the joint venture and the proceeds therefrom.

58. As a direct result of Defendant's breach of their fiduciary duty, Plaintiff was harmed in that he was not given his interest in the proceeds of the sale.

**EIGHT CAUSE OF ACTION**
**NEGLIGENT MISREPRESENTATION**
**(AS TO ALL DEFENDANTS)**

59. Defendants and each of them owed a duty to Plaintiff to make accurate representations to Plaintiff.

60. Defendants and each of them failed to make the proper and accurate representations required of them.

61 As a result of Defendants and each of them, failure to make accurate and proper representations Plaintiff sustained a substantial injury.

62. The specific representation made was that Plaintiff would be compensated for the sales made.. This was a present fact at the time the agreement was reached. The subsequent actions wherein the representation was not honored was a failure on the part of Defendant to honor the representation.

///

**NINTH CAUSE OF ACTION**
**NEGLIGENCE**
**(AS TO ALL DEFENDANTS)**

63. The Plaintiff realleges all causes of action herein

64. Defendants and each of them had a duty to act reasonably for the care and safety of the Plaintiff, among others.

65. The Defendants by and through their actions breached the duty owed to Plaintiff to act reasonably for the care and safety of the Plaintiff

66 Defendants failure to properly provide for the Plaintiff's property interest and failure to properly honor the Plaintiff's interest in the funds is a breach of the Defendant's duty to act reasonably for the care and safety of the Plaintiff.

67. As a result of the Defendants failure to act reasonably for the care and safety of the Plaintiff, Plaintiff was injured and sustained harm, specifically the loss of his interest in the proceeds of subject sales.

**TENTH CAUSE OF ACTION**
**BREACH OF A RESULTING TRUST**
**(AS TO ALL DEFENDANTS)**

68. Plaintiff realleges each of the foregoing as if fully pleaded herein.

69. Plaintiff alleges that the Defendants agreed to pay him when funds were received by Defendants through the clients Plaintiff had signed on.

70. The Defendants kept funds belonging to Plaintiff.

71. Plaintiff seeks the Court to determine the existence of a resulting trust based on the intention of the parties to have the Defendants hold the property in trust for the Plaintiff.

72 Once determined the Plaintiff then seeks an accounting of the interests in the resulting trust

///

///

///

**ELEVENTH CAUSE ACTION**
**INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE**
**(AS TO ALL DEFENDANTS)**

73. Plaintiff realleges each of the foregoing as if fully pleaded herein

74. An agreement existed between Defendants and each of them and Plaintiff whereby the Plaintiff would be entitled to a his commissions

75 Defendants knew that Plaintiff had made said agreement with each Defendant.

76. That the Defendants each intended to and did disrupt the performance of the contract by the other Defendants.

77. As a result the Defendants and each of them failed to properly transfer to Plaintiff the proceeds from the sales.

78. Plaintiff was harmed in that he did not receive his proceeds.

79. Defendants conduct in interfering with the contract with Plaintiff was a substantial factor in the causing of harm to the Plaintiff.

**TWELVETH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICE**
**(AS TO ALL DEFENDANTS)**

80. Defendants hired Plaintiff and began to decrease his pay

81. First Plaintiff's pay was changed to commission based pay and subsequently decreasing his commission rates.

82. Defendant informed Plaintiff that the Phoenix market was closing and offered to buy those gallons through 3 month's compensation was taking advantage of Plaintiff's position and lack of access to information regarding this potential sale.

83 Plaintiff was then wedged out of markets and ultimately terminated.

///

///

///

WHEREFORE, plaintiff demands judgment against defendants as follows:

1. For a determination by the court that plaintiff is entitled to his commissions.

2. For an order and judgment that the commissions that belong to Plaintiff be paid, together with the costs and expenses of this action to Plaintiff in accordance with interest.

3. For pre-judgment interest

4. For general damages according to proof

5. For attorney fees according to proof

6 For such further relief as the court considers proper

DATED: 4-10-08

By: Elliott N. Kanter, Esq.
Attorney for Plaintiff

4-30-08
2:55pm

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
ELLIOTT N. KANTER, CSB#95054
LAW OFFICES OF ELLIOTT N. KANTER
2445 5TH AVENUE, SUITE 350

SAN DIEGO, CA 92101
TELEPHONE NO.: 619-231-1883 FAX NO.: 619-234-4553
ATTORNEY FOR (Name): PLAINTIFF, SAMUEL ST. JAMES

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. BROADWAY
MAILING ADDRESS:
CITY AND ZIP CODE: SAN DIEGO, CA 92101
BRANCH NAME: HALL OF JUSTICE

CASE NAME: ST. JAMES v. EQUILON, et al.

**CIVIL CASE COVER SHEET**

[X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 37-2008-00081610-CU-BC-CTL
JUDGE:
DEPT:

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (*not specified above*) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (*check all that apply*):
a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action (*specify*): 12

5. This case [ ] is [X] is not a class action suit

6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: April 9, 2008
ELLIOTT N. KANTER
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 3.220, 3.400-3.403; Standards of Judicial Administration, § 19

Exhibit 2



STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 083013)
MARCOS D. SASSO (State Bar No. 228905)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
Email: lacalendar@stroock.com

Attorneys for Defendant
CITIBANK (SOUTH DAKOTA), N.A., ERRONEOUSLY SUED AS "CITIGROUP BANK"

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMUEL ST. JAMES,<br><br>Plaintiff,<br><br>v.<br><br>EQUILON ENTERPRISES, LLC dba SHELL OIL PRODUCTS US; CITIGROUP BANK, and DOES 1 through 20, INCLUSIVE,<br><br>Defendants. | **Case No.**<br><br>**DEFENDANT CITIBANK (SOUTH DAKOTA), N.A.'S CONSENT TO NOTICE OF REMOVAL OF ACTION** |

DEFENDANT CITIBANK (SOUTH DAKOTA), N.A.'S CONSENT TO NOTICE OF REMOVAL OF ACTION
LA 51056002v1

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Citibank (South Dakota), N.A., erroneously sued as "Citigroup Bank," hereby consents to Notice of Removal of Action filed by Defendant Equilon Enterprises LLC, dba Shell Oil Products US, without waiving its rights to assert any arguments or claims regarding service, personal jurisdiction or any other motions, including Rule 12 motions.

Dated: May 29, 2008

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
MARCOS D. SASSO

By: ______________________
Marcos D. Sasso

Attorneys for Defendant
CITIBANK (SOUTH DAKOTA), N.A., ERRONEOUSLY SUED AS "CITIGROUP BANK"

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

ORIGINAL VIA FAX

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Samuel St. James

**(b)** County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Elliott N. Kanter, 2445 Fifth Ave. #350 San Diego, CA 92101 (619 231-1883

**DEFENDANTS**

2008 MAY 30 PM 12:20

Equilon Enterprises, LLC dba Shell Oil Products US, et al.

CLERK US DIST. COURT SOUTHERN DISTRICT OF CALIFORNIA

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

DEPUTY

'08 CV 0962 BEN AJB

Attorneys (If Known)

Robin A. Wofford, Wilson Petty Kosmo & Turner, 550 West C St., #1050, San Diego, CA 92101 (619) 236-9600

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28USC s.1441(a); Diversity of citizenship between all parties exists/amount in controversy is satisfied

Brief description of cause:
This case involves a breach of contract claim and related claims.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 05/30/2008

SIGNATURE OF ATTORNEY OF RECORD Robin A. Wofford

**FOR OFFICE USE ONLY**

RECEIPT # 151389 AMOUNT $350 APPLYING IFP JUDGE MAG. JUDGE

TAC 5/30/08



**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 151389 - TC**
*** * C O P Y * ***
**May 30, 2008**
**12:23:34**

**Civ Fil Non-Pris**
USAO #.: 08CV0962
Judge..: ROGER T BENITEZ
Amount.: $350.00 CK
Check#.: BC10604

**Total-> $350.00**

FROM: SAMUEL ST JAMES
VS
EQUILON ENTERPRISES, DBA SHELL