1  WILSON PETTY KOSMO & TURNER LLP
   ROBIN A. WOFFORD (137919)
2  HUBERT KIM (204957)
   550 West C Street, Suite 1050
3  San Diego, California 92101
   Telephone: (619) 236-9600
4  Facsimile: (619) 236-9669
   E-mail: rwofford@wpkt.com
5  E-mail: hkim@wpkt.com

6  Attorneys for Defendant EQUILON ENTERPRISES LLC
   dba SHELL OIL PRODUCTS US

7

8              **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  SAMUEL ST. JAMES,                    Case No. 08 CV 0962 W (AJB)

12          Plaintiff,                   **DEFENDANT EQUILON
                                         ENTERPRISE LLC'S NOTICE OF
12                                       MOTION TO DISMISS FIRST
            v.                           AMENDED COMPLAINT OR IN THE
13                                       ALTERNATIVE, MOTION FOR
    EQUILON ENTERPRISES, LLC, dba SHELL  MORE DEFINITE STATEMENT
14  OIL PRODUCTS US; CITIBANK (SOUTH
    DAKOTA), N.A.                        **[F.R.C.P. 12(b)(6), 12(e) and 9(b)]**
15
            Defendants.                  Complaint Filed: April 10, 2008
16
17                                       Date:          September 2, 2008
                                         Time:          10:30 a.m.
18                                       District Judge: Hon. Thomas J. Whelan
                                         Magistrate Judge: Hon. Anthony J. Battaglia
19                                       Trial Date:    Not Set

20                                       **[NO ORAL ARGUMENT PURSUANT TO
                                         LOCAL RULE]**
21

22

23

24

25

26

27

28

DEFENDANT EQUILON ENTERPRISES LLC'S NOTICE OF MOTION TO DISMISS FIRST AMENDED
COMPLAINT

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 2, 2008, at 10:30 a.m. or as soon thereafter as the matter may be heard in the above-entitled court located at 880 Front Street, San Diego, California, Defendant Equilon Enterprises LLC, dba Shell Oil Products US ("Equilon") will and hereby does move this Court to:  (1) dismiss Plaintiff's Second, Third, Fifth, Seventh, Eighth and Ninth Causes of Action as set forth in Plaintiff Samuel St. James' First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and (2) dismiss Plaintiff's Sixth Cause of Action for failure to plead fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).  Alternatively, if the Court does not dismiss Plaintiff's Second Cause of Action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, Equilon will and does hereby move the Court for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

This motion is based upon the following grounds:

1.    Plaintiff's Second Cause of Action entitled "Bad Faith Breach of Contract" is subject to dismissal because (1) Plaintiff does not allege facts indicating Equilon breached any agreement, (2) Plaintiff cannot allege a claim for breach of the duty of good faith and fair dealing under Texas law and (3) Plaintiff has failed to allege facts support a claim that the provisions of the parties' agreement were unconscionable.  As such, Plaintiff has failed to state a claim upon which relief can be granted and the claim should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).  In the event that Plaintiff's Second Cause of Action is not dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), then Equilon is entitled to a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) as Plaintiff's vague factual allegations make it impossible for Equilon to frame a responsive pleading.

2.    Plaintiff's Third Cause of Action entitled "Unjust Enrichment" is subject to dismissal as the unjust enrichment doctrine is not applicable where a valid express contract governs the dispute or where Plaintiff's allegations contradict the express language of the Agreement.  As such, Plaintiff has failed to state a claim upon which relief can be granted and the claim should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

3.    Plaintiff's Fifth Cause of Action ("Constructive Trust Arising From Breach of Fiduciary Duty") is subject to dismissal as Plaintiff cannot allege facts to support the existence of a fiduciary relationship between Plaintiff and Equilon where such allegations directly contradict the terms of the parties' agreement which Plaintiff seeks to enforce.  As such, Plaintiff has failed to state a claim upon which relief can be granted and these claims should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

4.    Plaintiff's Sixth Cause of Action ("Fraud and Request for Constructive Trust") is subject to dismissal because Plaintiff has failed to plead his fraud claim with the specificity required by Federal Rule of Civil Procedure 9(b).

5.    Plaintiff's Seventh Cause of Action entitled ("Negligence") is subject to dismissal as Plaintiff's claim is precluded under Texas law as it is duplicative of his contract claims.  As such, Plaintiff has failed to state a claim upon which relief can be granted and the claim should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

6.    Plaintiff's Eighth Cause of Action entitled "Interference With Prospective Business Advantage" is subject to dismissal because Plaintiff improperly alleges that Equilon interfered with its own contract with Plaintiff.  As such, Plaintiff has failed to state a claim upon which relief can be granted and the claim should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

7.    Plaintiff's Ninth Cause of Action entitled "Unfair Business Practice" is subject to dismissal because the Deceptive Trade Practices-Consumer Protection Act (Tex. Bus & Commerce Code §17.41, *et seq*.) does not apply to the conduct alleged by Plaintiff.  As such, Plaintiff has failed to state a claim upon which relief can be granted and the claim should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

/ / /

/ / /

1    This Motion is made and based on this Notice of Motion, the Memorandum of Points and

2    Authorities attached hereto, the pleadings and records on file with this Court and on such oral and

3    documentary evidence as may be presented at the hearing of this Motion.

4

5    Dated:    August 1, 2008                    **WILSON PETTY KOSMO & TURNER LLP**

6

7                                    By:    _____/s/  Robin A. Wofford_____

8                                           Robin A. Wofford
                                            Hubert Kim

9                                           Attorneys for Defendant
                                            EQUILON ENTERPRISES LLC DBA

10                                          SHELL OIL PRODUCTS US

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT EQUILON ENTERPRISES LLC'S NOTICE OF MOTION TO DISMISS FIRST AMENDED
COMPLAINT

1    WILSON PETTY KOSMO & TURNER LLP
     ROBIN A. WOFFORD (137919)
2    HUBERT KIM (204957)
     550 West C Street, Suite 1050
3    San Diego, California 92101
     Telephone: (619) 236-9600
4    Facsimile: (619) 236-9669
     E-mail: rwofford@wpkt.com
5    E-mail: hkim@wpkt.com

6    Attorneys for Defendant EQUILON ENTERPRISES LLC
     dba SHELL OIL PRODUCTS US

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   SAMUEL ST. JAMES,                      Case No. 08 CV 00962 W (AJB)

12              Plaintiff,                   **DEFENDANT EQUILON
                                            ENTERPRISES LLC'S
13         v.                               MEMORANDUM OF POINTS AND
                                            AUTHORITIES IN SUPPORT OF
14   EQUILON ENTERPRISES, LLC, dba SHELL    MOTION TO DISMISS FIRST
     OIL PRODUCTS US; CITIBANK (SOUTH       AMENDED COMPLAINT OR IN THE
15   DAKOTA), N.A.                          ALTERNATIVE, MOTION FOR
                                            MORE DEFINITE STATEMENT**
16              Defendants.
                                            **[F.R.C.P. 12(b)(6), 12(e) and 9(b)]**
17
                                            Complaint Filed: April 10, 2008
18
                                            Date:          September 2, 2008
19                                          Time:          10:30 a.m.
                                            District Judge: Hon. Thomas J. Whelan
20                                          Magistrate Judge: Hon. Anthony J. Battaglia
                                            Trial Date:    Not Set
21
                                            **[NO ORAL ARGUMENT PURSUANT TO
22                                          LOCAL RULE]**

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EQUILON ENTERPRISES
LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................1

II. FACTUAL BACKGROUND ................................................................................2

III. PROCEDURAL BACKGROUND......................................................................2

IV. LEGAL STANDARD ........................................................................................3

V. ARGUMENT ......................................................................................................3

    A.      TEXAS LAW GOVERNS THIS DISPUTE. ...........................................3

           1.      Under California Law, The Parties' Choice of Law Provision Is Valid.................................................................................4

           2.      The Choice of Law Provision Applies To The Entire Pleading. ................5

    B.      PLAINTIFF FAILS TO STATE A CLAIM FOR BAD FAITH BREACH OF CONTRACT. ..........................................................5

           1.      Under Texas Law, Plaintiff May Not Assert A Claim For Breach Of The Duty of Good Faith and Fair Dealing In The Context Of This Lawsuit.................................................................................6

           2.      Plaintiff Has Failed To Sufficiently Allege The Agreement Was Unconscionable........................................................................7

    C.      IN THE EVENT THE COURT ELECTS NOT TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION IN ITS ENTIRETY, THE COURT SHOULD ORDER A MORE DEFINITE STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(e)....................7

    D.      PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT. ................................................................................9

    E.      PLAINTIFF'S FIFTH CAUSE OF ACTION FAILS TO STATE A CLAIM AS PLAINTIFF CANNOT ALLEGE A BREACH OF FIDUCIARY DUTY................................................................10

    F.      PLAINTIFF'S FRAUD CLAIM IS NOT PLEAD WITH SUFFICIENT SPECIFICITY AND REQUIRES DISMISSAL. ..................................11

    G.      PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENCE......................12

    H.      PLAINTIFF FAILS TO STATE A CLAIM FOR INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE............................................13

    I.      PLAINTIFF FAILS TO STATE A CLAIM FOR UNFAIR BUSINESS PRACTICE. ................................................................................14

VI. CONCLUSION.................................................................................................15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EQUILON ENTERPRISES LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Albrecht v. Lund*
    845 F.2d 193 (9th Cir. 1988) ...................................................................................3

*Balisteri v. Pacifica Police Dept.*
    901 F.2d 696 (9th Cir. 1988) ...................................................................................3

*Bell Atl. Corp. v. Twombly ___*
    U .S. ___, 127 S.Ct. 1955  (2007) ...........................................................................3

*Desaigoudar v. Meyercord*
    223 F.3d 1020 (9th Cir. 2000) ...............................................................................11

*Family Golf Centers, Inc. v. Acushnet Co.*
    290 B.R. 55 (S.D.N.Y. 2003) ..................................................................................8

*General Signal Corp. v. MCI Telecommunications Corp.*
    66 F.3d 1500 (9th Cir 1995) ...................................................................................5

*GlenFed, Inc. Secur. Litig.*
    42 F.3d 1541 (9th Cir. 1994) (en banc) ................................................................12

*Gulf Coast Western Oil Co., Inc. v. Trapp*
    165 F.2d 343 (10th Cir. 1947) .................................................................................8

*Klaxon Co. v. Stentor Elec. Mfg.*
    313 U.S. 487 (1941) .................................................................................................4

*North Star Int'l v. Arizona Corp. Comm'n*
    720 F.2d 578 (9th Cir. 1983) ...................................................................................3

*Patton v. Cox*
    276 F.3d 493 (9th Cir. 2002) ...................................................................................4

*Semegen v. Weidner*
    780 F.2d 727 (9th Cir. 1985) .................................................................................11

*Verifone Sec. Litig.*
    11 F.3d 865 (9th Cir. 1993) .....................................................................................3

*Walker Distributing Co. v. Lucky Lager Brewing Co.*
    323 F.2d 1 (9th Cir. 1963), *cert. denied*, 385 U.S. 976 (1964).............................3

*Williams v. United Credit Plan, Inc.*
    526 F.2d 713 (5th Cir. 1976) ...................................................................................8

**State Cases**

*Adolph Coors Co. v. Rodriguez*
    780 S.W.2d 477 (Tex. App. 1989)...........................................................................6

*Amstadt v. U.S. Brass Corp.*
    919 S.W.2d 644 (Tex. 1996)..................................................................................14

*Application Group, Inc. v. Hunter Group, Inc.*
    61 Cal.App.4th 881 (1998) ......................................................................................5

*Arnold v. Nat'l County Mut. Fire Ins. Co.*
    725 S.W.2d 165 (Tex. 1987)....................................................................................6

*Burlington N. R.R. v. Sw. Elec. Power Co.*
    925 S.W.2d 92 (Tex. App. 1996), *aff'd*, 966 S.W.2d 467 (Tex. 1998) .............10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EQUILON ENTERPRISES LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Central Sav. & Loan Ass'n v. Stemmons N.W. Bank, N.A.*
    848 S.W.2d 232 (Tex. App. 1992).................................................................6
*Cole v. Hall*
    864 S.W.2d 563 (Tex. App. 1993)...............................................................6
*Discover Bank v. Super. Ct.*
    36 Cal. 4th 148 (2005) ................................................................................4
*Eagle Properties, Ltd. v. Scharbauer*
    807 S.W.2d 714 (Tex. 1990).......................................................................12
*English v. Fischer*
    660 S.W.2d 521 (Tex. 1983).........................................................................6
*Holloway v. Skinner*
    898 S.W.2d 793 (Tex. 1995).......................................................................14
*Hughes Elecs. Corp. v. Citibank Delaware*
    120 Cal.App.4th 251 (2004) .........................................................................4
*Jim Walter Homes, Inc. v. Reed*
    711 S.W.2d 617 (Tex. 1986).......................................................................13
*Lone Star Steel Co. v. Scott*
    759 S.W.2d 144 (Tex. App. 1988)...............................................................9
*Lovell v. Western Nat'l Life Ins. Co.*
    754 S.W.2d 298 (Tex. App. 1988)...............................................................6
*Nedlloyd Lines B.V. v. Super. Ct.*
    3 Cal. 4th 459 (1992)...............................................................................4, 5
*Southwestern Bell Tel. Co. v. DeLanney*
    809 S.W.2d 493 (Tex. 1991).......................................................................13
*Thigpen v. Locke*
    363 S.W.2d 247 (Tex. 1962).......................................................................10
*Todd v. Perry Homes*
    156 S.W.3d 919 (Tex. App. 2005).............................................................14

**Federal Statutes**

Federal Rule of Civil Procedure 9 .............................................................1, 11, 12

Federal Rule of Civil Procedure 12 .....................................................1, 3, 7, 8, 11

**State Statutes**

Texas Business & Commerce Code §17.41...................................................14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EQUILON ENTERPRISES
LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

# I.

## __INTRODUCTION__

This action involves a dispute over the termination of an independent contractor relationship between Plaintiff Samuel St. James' ("Plaintiff") and Defendant Equilon Enterprises LLC, dba Shell Oil Products US ("Equilon").  Specifically, Plaintiff sold Shell Fleet Credit Cards to corporate customers pursuant to a written agreement between the parties.  Plaintiff was compensated for his sales via a commission per market for each gallon of fuel sold.  Defendant Citibank (South Dakota), N.A. ("Citibank") issued the Shell Fleet Credit Cards, processed the fleet card applications and sales transactions and provided sales data to Equilon from which Plaintiff's commissions were calculated. Effective May 31, 2007 pursuant to the express terms of the agreement between the parties Equilon terminated the agreement and paid Plaintiff the three months compensation to which he was entitled pursuant to Paragraph 3 of the agreement.  Now, almost a year later , Plaintiff has filed this action against Equilon and Citibank for : 1) Breach of Contract; 2) Bad Faith Breach of Contract; 3) Unjust Enrichment; 4) Declaratory Relief; 5) Constructive Trust Arising From Breach of Fiduciary Duty; 6) Fraud and Request for Constructive Trust; 7) Negligence; 8) Interference with Prospective Business Advantage; 9) Unfair Business Practices; 10) Unlawful Termination of Franchise (15 U.S.C. §2801 Et Seq.); and 11) Attorney's Fees and Costs.

The claims are supported by neither fact nor law and many are nonsensical.  Indeed, most of Plaintiff's theories directly contradict the express terms of the integrated contract he identifies as Exhibit "A" to his First Amended Complaint (the "FAC").  Accordingly, Equilon moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Second, Third, Fifth, Seventh, Eighth and Ninth Causes of Action contained within Plaintiff's FAC for failure to state a cause of action.  Alternatively, in the event the Court determines it is not appropriate to dismiss Plaintiff's Second Cause of Action, Equilon requests this Court grant its motion to order Plaintiff to provide a more definite statement under Federal Rule of Civil Procedure 12(e).  Equilon further moves the Court to dismiss Plaintiff's Sixth Cause of Action on the basis that Plaintiff has failed to plead his fraud claim with the specificity required under Federal Rule of Civil Procedure 9(b).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EQUILON ENTERPRISES LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

## II.

## FACTUAL BACKGROUND

On or around February 24, 2005, Equilon and Plaintiff entered into a fully-integrated Contractor Agreement, effective March 1, 2005, which expressly superseded the parties' prior agreements. *See* FAC at ¶¶ 9, 10; Exhibit "A" to FAC. The Agreement specified that Plaintiff was to provide Fleet Card Solicitation Services in the following California Markets: Los Angeles County, San Bernardino, High Desert, Riverside, Ventura County, Santa Barbara, San Louis Obispo, Orange County and San Diego. Exhibit "A" to FAC at ¶ 1. In exchange for his services, Plaintiff was to receive a commission per market of $.03 per gallon tied to Plaintiff's sales code provided by Citibank. *Id.* at ¶ 5(a). The term of the Agreement was one year beginning with the effective date of March 1, 2005, but was to be automatically renewed for successive one year terms, unless terminated under the provisions of the Agreement. *Id.* at ¶ 2. In particular, either party could "terminate this Agreement either in its entirety or for a particular Market, **at any time and for any reason or no reason at all**, by giving the other at least two (2) days advance written notice." *Id.* at ¶ 2 (emphasis added). The Agreement allowed Equilon to terminate the Agreement in one or all markets without cause provided Equilon paid Plaintiff three months worth of commissions for the terminated market(s) based on the previous month's sales. *Id.* at ¶ 3(b). In 2007 Equilon began to withdraw from the retail market selling its interest to a third party. Accordingly, Equilon terminated the Agreement with Plaintiff and this litigation ensued. FAC at ¶ 69.

## III.

## PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on April 10, 2008 in the San Diego Superior Court. Equilon's registered agent for service of process was served with the Complaint on April 30, 2008. Equilon, a limited liability company organized under Delaware law with its principal place of business in Texas, removed the action to the United States District Court for the Southern District of California based on diversity of the parties on May 30, 2008.

1    Equilon filed its Motion to Dismiss Plaintiff's original Complaint on June 6, 2008.  On July

2    15, 2008, while Equilon's original Motion to Dismiss was pending, Plaintiff filed his FAC.

3    Accordingly, on July 21, 2008, this Court denied Equilon's original Motion to Dismiss as moot.

### IV.

### LEGAL STANDARD

6        Rule 12(b)(6) of the Federal Rules of Civil Procedure provides a mechanism for disposing of

7    legally insufficient claims. *Walker Distributing Co. v. Lucky Lager Brewing Co*., 323 F.2d 1 (9th

8    Cir. 1963), *cert. denied*, 385 U.S. 976 (1964).  A motion under Rule 12(b)(6) may be granted where

9    the plaintiff cannot allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

10   *Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007).

11       When attacked pursuant to Rule 12(b)(6), well-pled allegations in a complaint must be

12   treated as true and all reasonable inferences drawn in the plaintiff's favor.  *North Star Int'l v. Arizona*

13   *Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).  Conclusory allegations of law and unwarranted

14   inferences, however, are insufficient to defeat a motion to dismiss.  *In re Verifone Sec. Litig.*, 11

15   F.3d 865, 868 (9th Cir. 1993).  A Rule 12(b)(6) motion asks whether, assuming the well-pled

16   allegations in the complaint are true, Plaintiff has stated a claim upon which relief can be granted.

17   Fed. R. Civ. P. 12(b)(6).  Finally, where the defects cannot be cured by amendment, the court may

18   grant the motion to dismiss without leave to amend.  *Albrecht v. Lund*, 845 F.2d 193, 195-196 (9th

19   Cir. 1988) (amendment to fraud complaint properly denied where alleged misstatement "could not

20   be misrepresentations as a matter of law").  Therefore, dismissal is proper when the plaintiff has

21   failed to assert a cognizable legal theory or when he has not alleged sufficient facts in support of

22   such a theory.  *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

### V.

### ARGUMENT

25   **A.    TEXAS LAW GOVERNS THIS DISPUTE.**

26       Preliminarily, the substantive sufficiency of Plaintiff's claims must be analyzed under Texas

27   law as the parties agreed that Texas law would govern disputes such as the present one.  Specifically,

28   Paragraph 19 of the Agreement states:  "This Agreement and the performance hereunder shall be

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EQUILON ENTERPRISES
LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

1    governed by the laws of the State of Texas, without regard to the conflicts of laws principles

2    therein." Exhibit "A" to FAC at ¶ 19.  As set forth below, the Court should uphold the parties'

3    choice of law.

4            1.    **Under California Law, The Parties' Choice of Law Provision Is Valid.**

5            Federal courts in a diversity case will apply the same choice of law rules the local state courts

6    would apply.  *Klaxon Co. v. Stentor Elec. Mfg.*, 313 U.S. 487, 496 (1941); *Patton v. Cox*, 276 F.3d

7    493, 495 (9th Cir. 2002).  Under California law, contracting parties may agree that the law of

8    another state shall govern their rights and duties.  *Nedlloyd Lines B.V. v. Super. Ct.*, 3 Cal. 4th 459,

9    462 (1992) (California has a strong policy "favoring the enforcement of freely negotiated choice-of-

10   law clauses").  Further, where a contract contains an enforceable choice of law provision, the trial

11   court must enforce all of the applicable laws of that jurisdiction.  *See Hughes Elecs. Corp. v.*

12   *Citibank Delaware*, 120 Cal.App.4th 251, 256 (2004).  If the parties have stated their choice of

13   governing law, California courts apply the principles set forth in the Restatement (Second) of

14   Conflict of Laws § 187 to determine whether the provision is enforceable.  *Id.* at 464-65; *Discover*

15   *Bank v. Super. Ct.*, 36 Cal. 4th 148, 173-74 (2005).

16           Applying the principles set forth in the Restatement, California courts will uphold the parties'

17   choice of law if the contract has a substantial relationship to the place whose law is chosen, or there

18   is another reasonable basis for the parties' choice of law, and application of that law will not

19   contravene any strong California public policy.  *Discover Bank*, 36 Cal. 4th at 173-174; *Nedlloyd*, 3

20   Cal. 4th at 464-465.  There can be no dispute in this case that a reasonable basis exists for the

21   parties' choice of Texas law.  Here, Equilon's principal place of business is located in Houston,

22   Texas.  *See* Equilon's Notice of Removal of Action Under 28 U.S.C. § 1441 at ¶ 6.  The fact that one

23   of the parties resides in another state gives the parties a reasonable ground for choosing that state's

24   law.  *Nedlloyd*, 3 Cal. 4th at 467; *Hughes Elecs. Corp.*, 120 Cal.App.4th at 258.  Thus, the parties'

25   choice of Texas law is reasonable.

26           Next, if the Court determines the parties' choice of law was reasonable, the Court will look to

27   conflict of law principles, particularly whether application of the chosen law would contravene any

28   strong or fundamental California public policy.  *Nedlloyd*, 3 Cal. 4th at 466.  Here, there is no

1    indication the Texas laws at issue in this lawsuit contravene any strong California public policy.  To

2    the extent Plaintiff has pled legally cognizable claims, such claims are afforded relief under Texas

3    law in a manner that is not fundamentally different than under California law.  Accordingly, the

4    Court should uphold the parties' choice of law provision.  *Application Group, Inc. v. Hunter Group,*

5    *Inc.*, 61 Cal.App.4th 881, 897 (1998) (where reasonable basis for parties' choice of law exists and

6    there is no conflict with a fundamental policy of California, the court must enforce the parties'

7    choice).

8                    **2.      The Choice of Law Provision Applies To The Entire Pleading.**

9            Contractual choice of law provisions apply to tort claims when the claims are closely related

10    to an underlying contract.  *See Nedlloyd*, 3 Cal. 4th at 470.  The causes of action in Plaintiff's FAC

11    arise directly out of the terms of the Agreement and/or the parties' relationship as governed by the

12    Agreement.  The parties unambiguously agreed Texas law would govern the Agreement.

13    Accordingly, Texas law applies not only to claims for breach of the Agreement but "to all disputes

14    arising out of the transaction or relationship."  *Id.* at 469.  This includes "tortious breaches of duties

15    emanating from the agreement of the legal relationships it creates" such as a breach of fiduciary duty

16    claim or fraud claim arising out of a contract.  *Id.* at 469–470; *see General Signal Corp. v. MCI*

17    *Telecommunications Corp.*, 66 F.3d 1500, 1506 (9th Cir 1995).  Thus, the parties' choice of law

18    provision mandates Texas law govern the entire dispute.

19            **B.      PLAINTIFF FAILS TO STATE A CLAIM FOR BAD FAITH BREACH OF
                        CONTRACT.**

20

21            Plaintiff's Second Cause of Action is labeled "Bad Faith Breach of Contract."  FAC at ¶¶ 21-

22    22.  However trying to decipher what legal theory Plaintiff is trying to assert is difficult, if not

23    impossible.  Preliminarily, and perhaps most obviously, Plaintiff's claim does not allege facts

24    indicating Equilon breached any agreement, let alone in bad faith.  Rather, in a conclusory fashion

25    Plaintiff asserts the negotiated provisions in paragraphs 2 and 3 of the Agreement, which permit

26    adding or deleting a market with "just prior written notice" are "unconscionable" and "unfair."  FAC

27    at ¶ 22.  Thus, on its face, Plaintiff's Second Cause of Action clearly fails to state a cognizable claim

28

5    Case No.  08 CV 00962 W (AJB)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EQUILON ENTERPRISES
LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

1   for "bad faith breach of contract."  Further, as discussed below, the other possible claims Plaintiff

2   may be alleging must also fail.

3              **1.    Under Texas Law, Plaintiff May Not Assert A Claim For Breach Of The
                        Duty of Good Faith and Fair Dealing In The Context Of This Lawsuit.**
4

5              Rather than allege a breach of the Agreement, Plaintiff appears to allege that the

6   Agreement—which was entered into at arms length by sophisticated parties—was somehow unfair

7   to Plaintiff.  If Plaintiff's Second Cause of Action is an attempt to allege a breach of the duty of good

8   faith and fair dealing, Plaintiff has failed to state a claim as a matter of law as "[t]he duty of good

9   faith and fair dealing does not exist in Texas unless intentionally created by express language in a

10  contract or unless a special relationship of trust and confidence exists between the parties to the

11  contract."  *Lovell v. Western Nat'l Life Ins. Co.*, 754 S.W.2d 298, 302 (Tex. App. 1988); *see Arnold*

12  *v. Nat'l County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987); *English v. Fischer*, 660

13  S.W.2d 521, 522, 524-25 (Tex. 1983).

14             First, the parties' Agreement does not contain express language imposing a duty of good

15  faith and fair dealing, nor has Plaintiff alleged such language in his FAC.  Second, neither the FAC

16  nor the Agreement contains a valid basis upon which Plaintiff can allege facts stating that a duty of

17  good faith and fair dealing existed by virtue of a "special relationship" between the parties.  Absent a

18  "special relationship," the duty to act in good faith is contractual in nature and a breach of the duty

19  does not amount to an independent tort.  *See Central Sav. & Loan Ass'n v. Stemmons N.W. Bank,*

20  *N.A.,* 848 S.W.2d 232, 239 (Tex. App. 1992); *Adolph Coors Co. v. Rodriguez,* 780 S.W.2d 477, 481

21  (Tex. App. 1989).

22             While Texas courts have carved out exceptions for certain "special relationships," such as

23  those between insurers and insureds, principal and agent, joint venturers, and partners, they have

24  consistently rejected finding a duty of good faith and fair dealing owed by an employer to an

25  employee and have also held the "special relationship" necessary to create a common-law duty to act

26  in good faith does not apply to ordinary commercial and employment relationships created by

27  contract.  *See Arnold,* 725 S.W.2d at 167; *Cole v. Hall,* 864 S.W.2d 563, 568 (Tex. App. 1993);

28  *Central Sav. & Loan Ass'n,* 848 S.W.2d at 239.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EQUILON ENTERPRISES
LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

1    Here, the integrated Agreement, which was intended by the parties to govern Plaintiff's

2    business and work relationship with Equilon, clearly sets forth the nature of Plaintiff's relationship

3    to Equilon as merely that of an independent contractor and expressly states that the intent and

4    purpose of the Agreement is *not* to create:

5           the relation of employer and employee, co-employer or joint employer,
            any type of partnership relationship, a landlord-tenant relationship, a
6           franchise relationship under the Federal Petroleum Marketing
            Practices Act or any state franchise laws, or any joint venture.
7

8    Exhibit "A" to FAC at ¶ 4.

9    Thus, it is clear that by the very terms of the Agreement, which governs the parties' entire

10   relationship and also contains an integration clause, there is no possible way for Plaintiff to allege

11   facts supporting the existence of a "special relationship" with Equilon. *See id.* at ¶ 20.  Accordingly,

12   Plaintiff cannot state a claim for breach of the duty of good faith and fair dealing and Plaintiff's

13   Second Cause of Action must be dismissed.

14              **2.    Plaintiff Has Failed To Sufficiently Allege The Agreement Was
                        Unconscionable.**
15

16   Finally, in his Second Cause of Action, Plaintiff alleges "The contract entered into by

17   Plaintiff and Defendant Equilon was unconscionable in that it provided Equilon with the power to

18   add or delete markets to the Agreement unilaterally, with only prior written notice to the contractor

19   required."  FAC at ¶ 22.  To the extent Plaintiff attempts to allege provisions of the Agreement were

20   unconscionable and therefore unenforceable, Plaintiff has again failed to allege any facts to support

21   such a claim.  The Agreement is clear and unambiguous regarding the parties rights to terminate.

22   Exhibit "A" to FAC at ¶¶ 1-3.  Plaintiff has not and cannot allege facts which make these terms

23   unconscionable and thus the claim must be dismissed.

24       **C.    IN THE EVENT THE COURT ELECTS NOT TO DISMISS PLAINTIFF'S
                 SECOND CAUSE OF ACTION IN ITS ENTIRETY, THE COURT SHOULD
25               ORDER A MORE DEFINITE STATEMENT PURSUANT TO FEDERAL
                 RULE OF CIVIL PROCEDURE 12(e).**
26

27   As set forth above, Plaintiff's Second Cause of Action must be dismissed under Federal Rule

28   of Civil Procedure 12(b)(6) for failure to state a claim.  In the event the Court determines it is not

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EQUILON ENTERPRISES
LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

1  appropriate to do so, Equilon requests this Court grant its motion to order Plaintiff to provide a more

2  definite statement, pursuant to Federal Rule of Civil Procedure 12(e).  Specifically, Plaintiff should

3  be required to set forth specific factual and legal grounds upon which it alleges Equilon is liable for

4  "Bad Faith Breach of Contract."

5          Federal Rule of Civil Procedure 12(e) provides:

6              If a pleading to which a responsive pleading is permitted is so vague or
              ambiguous that a party cannot reasonably be required to frame a
7              responsive pleading, the party may move for a more definite statement
              before interposing a responsive pleading.

8

9          A motion for a more definite statement is the proper vehicle to narrow issues and disclose the

10  boundaries of one's claims.  *See Williams v. United Credit Plan, Inc*., 526 F.2d 713, 714 (5th Cir.

11  1976).  Where allegations in the complaint are too indefinite to apprise the defendant of the nature of

12  the claims made against it or are too insufficient to enable the defendant to prepare a defense,

13  additional information may be required by a motion of a more definite statement.  *See Gulf Coast*

14  *Western Oil Co., Inc. v. Trapp*, 165 F.2d 343, 348 (10th Cir. 1947).  A more definite statement is

15  appropriate under Federal Rule of Civil Procedure 12(e) where the precise nature of the claim is

16  unascertainable in the operative pleading.  *See, e.g., Family Golf Centers, Inc. v. Acushnet Co*., 290

17  B.R. 55 (S.D.N.Y. 2003).

18          Here, the only factual allegations Plaintiff pleads in support of his claim are:

19              The contract entered into by Plaintiff and Defendant Equilon was
              unconscionable in that it provided Equilon the power to add or delete
20              markets to the Agreement unilaterally, with only prior written notice to
              the contractor required.  This unilateral power to restrict the market
21              was unfair to Plaintiff.

22  FAC at ¶ 22.

23          As asserted above, these allegations are too vague and ambiguous to determine what

24  wrongful conduct Equilon allegedly undertook and how Plaintiff was harmed.  For instance, while

25  Plaintiff has labeled his claim as "Bad Faith Breach of Contract," Plaintiff has not alleged any

26  breach of an agreement nor has he alleged facts demonstrating bad faith on the part of Equilon.

27  Moreover, Plaintiff does not even identify any wrongful conduct on the part of Equilon.  As

28  presently plead, Plaintiff's vague factual allegations create an uncertainty in pleading that make it

1    impossible for Equilon to frame a response, thus warranting a more definite statement if this Court

2    elects not to dismiss Plaintiff's Second Cause of Action against Equilon.

3    **D.    PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT.**

4         Plaintiff's Third Cause of Action for "Unjust Enrichment" must also be dismissed for failure

5    to state a claim.  Plaintiff essentially alleges Equilon is being unjustly enriched because it is still

6    receiving income from Plaintiff's sales without compensating Plaintiff.  FAC at ¶¶ 26-27.  As

7    discussed below, the FAC fails to state a claim as a matter of law as the unjust enrichment doctrine is

8    not applicable where a valid express contract, such as the Agreement, governs the dispute or where

9    Plaintiff's allegations contradict the express language of the Agreement.

10        Under the unjust enrichment doctrine, principles of restitution are applied to disputes which

11   are not governed by a contract between the parties.  *See Lone Star Steel Co. v. Scott,* 759 S.W.2d

12   144, 154 (Tex. App. 1988).  However, remedies such as unjust enrichment that are based on quasi-

13   contract or an implied in law contract are unavailable when a valid, express contract governing the

14   subject matter of the dispute exists.  *Id.* at 154.

15        Here, Plaintiff's entitlement to commissions and Equilon's right to terminate the Agreement

16   were expressly governed by the express terms of the Agreement.  The Agreement dictated how

17   Plaintiff would be compensated for his sales and expressly provides "[e]ither [Equilon] or [Plaintiff]

18   may terminate this Agreement either in its entirety or for a particular Market, at any time for any

19   reason or no reason at all, by giving the other at least 2 days advance written notice."  Exhibit "A" to

20   FAC at ¶ 2.  The Agreement also permitted Equilon to terminate Plaintiff without cause provided it

21   paid Plaintiff three months commissions.  *Id.* at ¶ 3(b).  Finally, the Agreement has an integration

22   clause requiring modifications to the Agreement to be in a writing executed by Equilon.  *Id.* at ¶ 20.

23   Accordingly, as a matter of law, Plaintiff cannot allege facts supporting a claim for unjust

24   enrichment.

25        The FAC fails to state a claim for unjust enrichment for another reason.  Plaintiff's

26   allegations merely indicate that Equilon exercised its rights under the Agreement.  In his FAC,

27   Plaintiff alleges he was terminated by Equilon.  FAC at ¶ 69.  Based on the terms of the Agreement,

28   which Plaintiff acknowledges he entered into and seeks to enforce, Equilon was entitled to terminate

Plaintiff's services without cause so long as it complied with Paragraph 3(b) and paid Plaintiff three months commissions.  The enrichment of one party at the expense of the other is not unjust where it is permissible under the terms of an express contract.  *Burlington N. R.R. v. Sw. Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. App. 1996), *aff'd*, 966 S.W.2d 467 (Tex. 1998).  Thus, Plaintiff cannot legitimately allege he is entitled to commissions based on revenues received by Equilon subsequent to Plaintiff's termination nor can he allege that Equilon was unjustly enriched post-termination.  Therefore, Plaintiff's Third Cause of Action must be dismissed for failure to state a claim.

### E.    PLAINTIFF'S FIFTH CAUSE OF ACTION FAILS TO STATE A CLAIM AS PLAINTIFF CANNOT ALLEGE A BREACH OF FIDUCIARY DUTY.

In his Fifth Cause of Action, Plaintiff has alleged Equilon breached fiduciary duties owed to Plaintiff.  A fiduciary relationship giving rise to fiduciary duties is one that, as a matter of law, is a relationship of trust and confidence, such as that between an attorney and client, a trustee and beneficiary, and between partners in a partnership.  *See, e.g., Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1962).  However, as set forth below, there is no legal or factual basis for Plaintiff's conclusory allegations that a fiduciary relationship existed and, thus, Plaintiff's Fifth Cause of Action ("Constructive Trust Arising From Breach of Fiduciary Duty") must be dismissed.

In his Fifth Cause of Action, Plaintiff alleges he entered into the Agreement with Equilon whereby he was hired as an independent contractor to sell credit accounts for Equilon in exchange for commissions on his sales.  FAC at ¶¶ 33-36.  Despite affirmatively alleging his relationship with Equilon was (1) as an independent contractor and (2) contractual in nature, Plaintiff makes the conclusory allegation that "[a]s a result of the Agreement to hire Plaintiff a fiduciary duty was formed" with Equilon.  *Id.* at ¶ 37.  Plaintiff then alleges the nature of the alleged fiduciary relationship is that of partners.  *Id.* at ¶ 38.  However, these allegations are insufficient to state a claim for breach of fiduciary duty as they directly contradict the very contract Plaintiff alleges governed his relationship with Equilon.

In fact, the Agreement specifically states "it is not the purpose or intention of this Agreement to create between the parties hereto, nor shall the same be construed as creating, nor shall [Equilon] or [Plaintiff] ever assert that this Agreement creates or created … any type of partnership

relationship…."  Exhibit "A" to FAC at ¶ 4.  Moreover, the Agreement contains an integration

clause and Plaintiff has not alleged the existence of any other written agreement that modifies or

supersedes the Agreement and would create a fiduciary relationship between Plaintiff and Equilon.

*See id.* at ¶ 20.  Furthermore, Plaintiff has not alleged any other facts indicating he had a special

relationship with Equilon giving rise to a fiduciary relationship, nor can he.  Consequently, based

upon the allegations of the FAC and the express language of the Agreement, Plaintiff cannot prove

facts sufficient to support of his Fifth Cause of Action for "Constructive Trust Arising From Breach

of Fiduciary Duty."

> **F.    PLAINTIFF'S FRAUD CLAIM IS NOT PLEAD WITH SUFFICIENT SPECIFICITY AND REQUIRES DISMISSAL.**

Plaintiff's FAC contains a Sixth Cause of Action entitled "Fraud and Request for

Constructive Trust."  FAC at ¶¶ 43–53.  Federal Rule of Civil Procedure 9(b) clearly provides "[i]n

alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud

or mistake."  "Fraud must be plead with a high degree of meticulousness."  *Desaigoudar v.

Meyercord,* 223 F.3d 1020, 1022 (9th Cir. 2000).  While the substantive elements of fraud are

determined by state law in diversity cases (in this case, the laws of Texas), the elements must be

plead with particularity as required by Federal Rule of Civil Procedure 9(b).  The allegations must be

"specific enough to give defendants notice of the particular misconduct which is alleged to constitute

the fraud … so that they can defend against the charge and not just deny that they have done

anything wrong."  *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).  However, Plaintiff has

failed to plead the factual allegations of the alleged fraud and/or misrepresentations as required by

Federal Rule of Civil Procedure 9(b) with regard to both of his fraud claims.  Thus, as discussed

below, Plaintiff's Sixth Cause of Action should be dismissed.

First, Plaintiff's Sixth Cause of Action is labeled "Fraud and Request for Constructive

Trust."  Under Texas law, the substantive elements of actionable fraud are:  (1) a material

representation was made; (2) the representation was false; (3) when the representation was made the

speaker knew it was false or made it recklessly without any knowledge of its truth and as a positive

assertion; (4) the speaker made the representation with the intent that it should be acted upon by the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EQUILON ENTERPRISES
LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

1    party; (5) the party acted in reliance upon the representation; and (6) the party thereby suffered

2    injury.  *See Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d 714, 723 (Tex. 1990).

3        In order to comply with Rule 9(b), a plaintiff must (1) specify the alleged fraudulent

4    representations, (2) allege the representations were false when made, (3) identify the speaker, (4)

5    state when and where the statements were made, and (5) state the manner in which the

6    representations were false and misleading.  *See In re GlenFed, Inc. Secur. Litig.*, 42 F.3d 1541,

7    1547, fn. 7 (9th Cir. 1994) (en banc).

8        In the FAC, Plaintiff alleges that "Equilon executives, including Steve Brommer" made or

9    affirmed a fraudulent statement to Plaintiff that "Plaintiff was to have and receive all of his interest

10   in monies paid by the sales he made."  FAC at ¶¶ 46-47.  However, Plaintiff fails to allege *when* and

11   *where* the allegedly fraudulent statement was made, only alleging that "[t]he discussions and

12   correspondence between Plaintiff and Equilon … took place in 2005, prior to the March 1, 2005

13   execution date of the Agreement."  *Id.* at ¶ 48.  The FAC contains no other allegations relating to

14   when and where the alleged statements were made.  Thus, Plaintiff has failed to plead his fraud

15   claim in compliance with Rule 9(b).

16   **G.    PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENCE.**

17       Plaintiff's Seventh Cause of Action for Negligence should be dismissed as it fails to state a

18   claim.  Plaintiff alleges Equilon had a "duty to act reasonably to service Plaintiff's accounts."  FAC

19   at ¶ 55.  Plaintiff further alleges:

20       The Defendants failed to properly provide for accurate and diligent
         servicing of Plaintiff's accounts, due to their faulty or tardy billing and
21       other administrative procedures.  This failure to properly service
         Plaintiff's accounts caused Plaintiff to lose substantial contracts with
22       several major accounts, and constituted a breach of the Defendants'
         duty to act reasonably for the care and safety of Plaintiff.

23

24   *Id.* at ¶ 57.  As a result of the alleged negligence, Plaintiff "specifically" alleges "the loss of his

25   interest in the commissions of the proceeds of subject sales."  *Id.* at ¶ 58.  Based on the Agreement

26   and the allegations of the FAC, it appears that Plaintiff is essentially alleging that Equilon's failure

27   to pay him commissions somehow constitutes negligence.

28

1        The Texas Supreme Court has held "if the defendant's conduct … would give rise to liability

2   only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds in contract."

3   *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991).  Moreover, if the

4   plaintiff's losses consist only of "the economic loss to the subject matter of the contract," the

5   plaintiff only has a cause of action in contract.  *Id.*; *see also Jim Walter Homes, Inc. v. Reed*, 711

6   S.W.2d 617, 618 (Tex. 1986).

7        Here, Plaintiff has failed to state a claim for negligence as his allegations indicate his claim is

8   duplicative of his breach of contract claim.  In his Seventh Cause of Action, Plaintiff appears to seek

9   only unpaid commissions from Equilon pursuant to the Agreement.  FAC at ¶¶ 57–58.  To the extent

10   Equilon was obligated to pay Plaintiff commissions, the obligation arose solely out of the express

11   terms of the Agreement.  In other words, Plaintiff is improperly attempting to cast a simple breach of

12   contract claim (which he has already alleged) as a negligence claim.  Thus, under Texas law,

13   Plaintiff is precluded from alleging negligence.  Accordingly, Plaintiff's Seventh Cause of Action

14   must be dismissed as Plaintiff cannot state a claim for negligence as a matter of law.

15   **H.    PLAINTIFF FAILS TO STATE A CLAIM FOR INTERFERENCE WITH**

16   **PROSPECTIVE BUSINESS ADVANTAGE.**

17        Plaintiff's Eighth Cause of Action is entitled "Interference with Prospective Business

18   Advantage."  Notwithstanding the title of the claim, Plaintiff appears to be alleging a tortious

19   interference with contract claim as the allegations of the FAC concern an alleged interference with

20   an *existing contract* rather than a future business relationship or opportunity.  *See* FAC at ¶¶ 60–65.

21   That said, as currently pleaded, Plaintiff cannot state a claim for tortious interference with contract.

22        In support of his claim, Plaintiff alleges that "an agreement" existed between Equilon and

23   Plaintiff whereby Plaintiff would be entitled to commissions.  Given the other allegations of the

24   FAC, the only logical conclusion is that Plaintiff's reference to "an agreement" refers to the

25   February 24, 2005 Agreement between Plaintiff and Equilon.  Plaintiff further alleges that

26   "Defendants" knew Plaintiff entered into the Agreement "with Equilon," but that "Defendants each

27   intended to and did disrupt the performance of the Agreement by the other Defendants."  FAC at ¶¶

28   61-62.  "As a result the Defendants caused Plaintiff to lose proceeds from his sales."  *Id.* at ¶ 63.

The only parties to the Agreement were Plaintiff and Equilon.  *See* Exhibit "A" to FAC at Preamble ("THIS IS AN AGREEMENT … between Equilon Enterprises LLC, d/b/a/ Shell Oil Products US … and Samuel St. James….).  Also, Plaintiff has not alleged he entered into a separate agreement with Citibank entitling him to commissions.

Taking all of these allegations together, the *only* conclusion *with regard to Equilon* is that *Plaintiff alleges Equilon interfered with its own Agreement*.  It is axiomatic within the context of a tortious interference with contract cause of action that a party to the contract cannot interfere with itself.  *Holloway v. Skinner*, 898 S.W.2d 793, 804 (Tex. 1995).  Therefore, Plaintiff has failed to state a claim for interference with contract and the claim must be dismissed as to Equilon.

## I.    PLAINTIFF FAILS TO STATE A CLAIM FOR UNFAIR BUSINESS PRACTICE.

Plaintiff's Ninth Cause of Action for "Unfair Business Practice" fails to allege facts sufficient to support his claim.  Here, Plaintiff essentially alleges that:  (1) Equilon hired Plaintiff and then decreased his pay, (2) Equilon failed to inform Plaintiff about a "potential sale" of the Phoenix market before offering to buy the market from Plaintiff and (3) Plaintiff was "wedged out of all of his markets" markets and "ultimately terminated."  FAC at ¶¶ 67–69.

Based on these vague allegations, it is not clear what specific claim Plaintiff is attempting to assert.  That said, under Texas law, the Deceptive Trade Practices-Consumer Protection Act ("DTPA") is the primary vehicle by which a consumer can allege unfair business practices.  *See* Tex. Bus & Commerce Code §17.41, *et seq*.  The purpose of the DTPA is to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty.  *See Amstadt v. U.S. Brass Corp*., 919 S.W.2d 644, 649 (Tex. 1996).  However, to be actionable under the DTPA, a defendant's deceptive conduct must occur in connection with a consumer transaction.  *See Todd v. Perry Homes*, 156 S.W.3d 919, 923 (Tex. App. 2005).  As alleged in his FAC, Plaintiff's claims do not arise out of a consumer transaction.  Rather, they arise out of Plaintiff's independent contractor relationship with Equilon which was governed by the

Agreement or its predecessors.[1]  Consequently, Plaintiff's Ninth Cause of Action for "Unfair

Business Practice" fails to state a claim and must be dismissed as to Equilon.

**VI.**

**CONCLUSION**

For all of the forgoing reasons, Equilon's Motion to Dismiss should be granted.

Dated:      August 1, 2008                    **WILSON PETTY KOSMO & TURNER LLP**


                                             By:        /s/  Robin A. Wofford
                                                  Robin A. Wofford
                                                  E-mail: rwofford@wpkt.com
                                                  Hubert Kim
                                                  E-mail: hkim@wpkt.com
                                                  Attorneys for Defendant
                                                  EQUILON ENTERPRISES LLC DBA
                                                  SHELL OIL PRODUCTS US

---

[1] Due to the vague allegations of Plaintiff's claim, Equilon is unable to determine whether Plaintiff's allegations stem from alleged conduct that occurred prior to or after the execution of the Agreement in February 2005.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EQUILON ENTERPRISES
LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

1    WILSON PETTY KOSMO & TURNER LLP
      ROBIN A. WOFFORD (137919)
2    HUBERT KIM (204957)
      550 West C Street, Suite 1050
3    San Diego, California  92101
      Telephone:  (619) 236-9600
4    Facsimile:  (619) 236-9669
      E-mail:  rwofford@wpkt.com
5    E-mail:  hkim@wpkt.com

6    Attorneys for Defendant EQUILON ENTERPRISES LLC
      dba SHELL OIL PRODUCTS US

7

8

               **UNITED STATES DISTRICT COURT**
9
            **SOUTHERN DISTRICT OF CALIFORNIA**
10

11    SAMUEL ST. JAMES,             Case No.  08 CV 0962 W (AJB)

12           Plaintiff,            **PROOF OF SERVICE BY**
                                 **ELECTRONIC SUBMISSION**
13          v.
                               Complaint Filed:  April 10, 2008
14    EQUILON ENTERPRISES, LLC, dba SHELL
      OIL PRODUCTS US; CITIGROUP BANK, and
15    DOES 1 through 20, INCLUSIVE,

16          Defendants.

17

18        I am familiar with the United States District Court, Southern District of California's practice

19    for collecting and processing electronic filings.  Under that practice, the following documents were

20    electronically filed with the court on August 1, 2008:

21

22          1.    **DEFENDANT EQUILON ENTERPRISE LLC'S NOTICE OF MOTION**
              **TO DISMISS FIRST AMENDED COMPLAINT OR IN THE**
23               **ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

24          2.    **DEFENDANT EQUILON ENTERPRISE LLC'S MEMORANDUM OF**
              **POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO**
25               **DISMISS FIRST AMENDED COMPLAINT OR IN THE**
              **ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**
26               **(via electronic mail only)**

27        The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing

28    party, the assigned judge, and any registered users in the case.  The NEF will constitute service of ·

                                  1        Case No.  08 CV 0962 W (AJB)

1  the document(s).  Registration as a CM/ECF user constitutes consent to electronic service through

2  the court's transmission facilities.  Under said practice, the following CM/ECF users were served:

3

4
                Elliott N. Kanter, Esq.
                Law Offices of Elliott N. Kanter

5
                2445 Fifth Avenue, Ste. 350
                San Diego, CA 92101

6
                Tele:  (619) 231-1883
                Fax:    (619) 234-4553

7
                *Attorney for Plaintiff Samuel St. James*

8        I declare that I am employed by the office of a member of the bar of this court at whose

9  direction the service was made.

10       Executed August 1, 2008, at San Diego, California.

11

12
                        By: _____

13
                              Sharon Purchase

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28