1  WILSON PETTY KOSMO & TURNER LLP
   ROBIN A. WOFFORD (137919)
2  HUBERT KIM (204957)
   550 West C Street, Suite 1050
3  San Diego, California 92101
   Telephone: (619) 236-9600
4  Facsimile: (619) 236-9669
   E-mail: rwofford@wpkt.com
5  E-mail: hkim@wpkt.com

6  Attorneys for Defendant EQUILON ENTERPRISES LLC
   dba SHELL OIL PRODUCTS US
7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| SAMUEL ST. JAMES,<br><br>            Plaintiff,<br><br>    v.<br><br>EQUILON ENTERPRISES, LLC, dba SHELL OIL PRODUCTS US; CITIBANK (SOUTH DAKOTA), N.A.<br><br>            Defendants. | Case No. 08 CV 00962 W (AJB)<br><br>**DEFENDANT EQUILON ENTERPRISES LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**<br><br>**[F.R.C.P. 12(b)(6), 12(e) and 9(b)]**<br><br>Complaint Filed: April 10, 2008<br><br>Date:             September 2, 2008<br>Time:            10:30 a.m.<br>District Judge:    Hon. Thomas J. Whelan<br>Magistrate Judge: Hon. Anthony J. Battaglia<br>Trial Date:       Not Set<br><br>**[NO ORAL ARGUMENT PURSUANT TO LOCAL RULE]** |

Case No. 08 CV 00962 W (AJB)

REPLY IN SUPPORT OF DEFENDANT EQUILON ENTERPRISES LLC'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT

**I.**

**INTRODUCTION**

In his First Amended Complaint ("FAC"), Plaintiff Samuel St. James ("Plaintiff") has alleged a myriad of claims against Defendant Equilon Enterprises LLC, dba Shell Oil Products US ("Equilon") which, at best, are merely redundant of his claim against Equilon for breach of the parties' fully-integrated February 24, 2005 Contractor Agreement (the "Agreement"). Despite Plaintiff's misguided belief that discovery will ultimately save his claims, the flaws in Plaintiff's legally insufficient claims cannot be cured. Accordingly, Equilon moves this Court to dismiss the Second, Third, Fifth, Seventh, Eighth and Ninth Causes of Action. Alternatively, in the event the Court determines it is not appropriate to dismiss Plaintiff's Second Cause of Action, Equilon requests this Court grant its motion to order Plaintiff to provide a more definite statement under Federal Rule of Civil Procedure 12(e).

**II.**

**ARGUMENT**

**A.     TEXAS LAW GOVERNS THIS DISPUTE.**

Texas law applies to Plaintiff's claims and nothing presented in the FAC or Plaintiff's Opposition alters this conclusion. It is undisputed that the Agreement contains an express choice of law provision and Plaintiff does not challenge the reasonableness of the parties' choice of Texas law. Thus, the analysis shifts to whether application of the chosen law would contravene any strong or fundamental California public policy. *Nedlloyd Lines B.V. v. Super. Ct.*, 3 Cal. 4th 459, 466 (1992).

Although it may not provide identical causes of action when compared to other jurisdictions, Texas law affords plaintiffs relief for breach of contract, declaratory relief, breach of fiduciary duty, negligence and other claims asserted in the FAC. Plaintiff's attempt to overreach by pleading legally insufficient claims under dubious theories does not alter this fact. Here, Plaintiff's claims against Equilon all either arise out of or sound in contract and Texas law adequately provides for breach of contract and related claims.

Further, Plaintiff completely fails to articulate how application of Texas law would contravene any strong or fundamental California public policy sufficient to justify disregarding the

parties' express choice of law provision. In fact, Plaintiff and has not even identified a strong or fundamental public policy that would be affected by the application of Texas law. Accordingly, the Court should uphold the parties' express intent and enforce the choice of law provision in this commercial contract.

### B.  PLAINTIFF FAILS TO STATE A CLAIM FOR "BAD FAITH BREACH OF CONTRACT."

As pleaded in his FAC, Plaintiff's Second Cause of Action for "Bad Faith Breach of Contract" is virtually indecipherable and does not appear to assert any cause of action recognized under Texas law. Additionally, Plaintiff's Opposition sheds no meaningful light as to the viability of his Second Cause of Action. Instead, Plaintiff relies on the proposition that his "bad faith breach of contract" cause of action is really one of "unconscionability." To wit, Plaintiff points to his allegation that the provision in the Agreement which specifies "Company may add or delete Markets to this Agreement by prior written notice to Contractor" was unconscionable. *See* FAC at ¶ 22. Plaintiff's contention is nonsensical in the context of the facts pleaded in the FAC and the Second Cause of Action must be dismissed.

The very nature of the unconscionability doctrine illustrates why Plaintiff's Second Cause of Action must fail. Unconscionability of a contractual provision is not a cause of action; rather, it is a doctrine under which a party may request that a court deny enforcement of unfair or oppressive contracts or contract terms. However, in this lawsuit, *Equilon is not seeking to enforce the Agreement against Plaintiff.* Rather, the opposite is true.

Furthermore, the doctrine of unconscionability simply does not fit the allegations of the FAC and the Second Cause of Action cannot be saved because there are no appropriate forms of relief available to Plaintiff under an unconscionability theory, even assuming arguendo that this claim should be considered under California law. While the FAC lacks any indication as to what relief Plaintiff seeks or what damage he suffered as a result of the "unconscionability," California Civil

/ / /

/ / /

Code section 1670.5(a) provides:

> If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made <u>the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result</u>.  (emphasis added.)

Thus, at best, Plaintiff's options could only be to seek to have the Court:  (1) refuse to enforce the contract, (2) enforce the remainder of the contract without the unconscionable clause, or (3) limit the application of any unconscionable clause as to avoid any unconscionable result.  None of these forms of relief are tenable in this case as:  (1) Plaintiff, and not Equilon, seeks to enforce the Agreement, (2) the Agreement was properly terminated well over a year ago and "[enforcing] the remainder of the contract without the unconscionable clause" is therefore not practicable, and (3) given the termination of the Agreement, limiting application of the allegedly unconscionable contract provision would not serve any purpose in the context of this lawsuit.  Thus, even if Plaintiff had requested relief due to an allegedly unconscionable contract term, there is none the Court can provide.

Accordingly, as set forth above and in Equilon's moving papers, Plaintiff's Second Cause of Action must be dismissed.  In the event the Court determines it is not appropriate to dismiss Plaintiff's claim, Equilon requests this Court grant its motion to order Plaintiff to provide a more definite statement, pursuant to Federal Rule of Civil Procedure 12(e) so that Equilon can frame an appropriate response.

**C.     PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT.**

In his Third Cause of Action, Plaintiff contends Equilon has been unjustly enriched because it received, and is still receiving, income from Plaintiff's sales without compensating Plaintiff.  Plaintiff's Opposition, p. 9 at ll. 11-12; FAC at ¶¶ 26-27.  However, under both Texas and California law, unjust enrichment is not available as a remedy when a valid, express contract governing the subject matter of the dispute exists.  *See Lone Star Steel Co. v. Scott,* 759 S.W. 2d 144, 154 (Tex. App. 1988); *see also Cal. Medical Ass'n v. Aetna U. S. Healthcare of Cal.*, 94 Cal. App.4th 151, 172-173 (2001) (as a matter of law, quasi-contract action for unjust enrichment does not lie where an

express binding agreement defines parties' rights). It is undisputed that Plaintiff's entitlement to commissions was governed by the express terms of the Agreement. Therefore, unjust enrichment is not an available remedy for Plaintiff.

Further, as discussed more fully in Equilon's moving papers, Plaintiff's allegations only demonstrate Equilon exercised its rights under the Agreement to terminate the Agreement and, upon termination, compensated Plaintiff by paying him three months commissions. The fact that the parties expressly agreed in writing to limit post-termination commissions belies Plaintiff's contention that Equilon was unjustly enriched by merely adhering to the terms of the Agreement. In fact, as noted in the very case cited by Plaintiff in his Opposition, California courts "have shown considerable restraint in second-guessing provisions in employment contracts governing payment of sales commissions upon termination of employment." *American Software, Inc. v. Ali*, 46 Cal. App. 4th 1386, 1394 (1996) (citing *Chretian v. Donald L. Bren, Co.*, 151 Cal. App. 3d 385, 389-90 (1984) and *Neal v. State Farm Ins. Cos.*, 188 Cal. App. 2d 690 (1961)).

Accordingly, as a matter of law Plaintiff has failed to state a claim for unjust enrichment and his Third Cause of Action must be dismissed.

### D. PLAINTIFF'S FIFTH CAUSE OF ACTION FAILS TO STATE A CLAIM AS PLAINTIFF CANNOT ALLEGE A BREACH OF FIDUCIARY DUTY.

Plaintiff alleges in his Fifth Cause of Action that Equilon breached fiduciary duties owed to Plaintiff. Plaintiff's claim is fatally flawed and must be dismissed because: (1) in entering into the Agreement, Plaintiff expressly agreed that "it is not the purpose or intention of this Agreement to create between the parties hereto, nor shall the same be construed as creating, nor shall [Equilon] or [Plaintiff] ever assert that this Agreement creates or created … any type of partnership relationship…." (Exhibit "A" to FAC at ¶ 4), (2) the Agreement contains an integration clause and Plaintiff has not alleged the existence of any other written agreement that modifies or supersedes the Agreement and which could create a fiduciary relationship between Plaintiff and Equilon (*see id.* at ¶ 20), and (3) Plaintiff has not alleged any facts in his FAC indicating he had a special relationship with Equilon giving rise to a fiduciary relationship. Based on these facts, no fiduciary relationship

was ever formed between Plaintiff and Equilon and Plaintiff's Fifth Cause of Action is subject to dismissal for failure to state a claim.

Nonetheless, Plaintiff now contends a partnership-in-fact existed between Plaintiff and Equilon by virtue of "Plaintiff's performance of his duties outside the geographic area set forth in paragraph 1 of the Agreement, at the encouragement of his superiors." Plaintiff's Opposition, p. 9, ll. 24-26. Here, Plaintiff simply ignores the fact that the integrated Agreement which governed the parties' relationship *specifically contemplated the possibility that Equilon could add or delete geographic markets during the course of the contract term.* See Exhibit "A" to FAC at ¶ 1. Thus, even if Plaintiff did indeed work outside the geographic area set forth in paragraph 1 of the Agreement after the Agreement was executed, this fact would be perfectly consistent with the terms of the Agreement and does not support the existence of a separate partnership between Plaintiff and Equilon.

Moreover, Plaintiff has not alleged any facts setting forth the terms of any supposed partnership formed for sales outside the geographic area. Undoubtedly, no such facts have been pled because none exist. Simply saying a fiduciary duty exists, when the express terms of the contract Plaintiff seeks to enforce say otherwise, does not create a viable claim.

### E.    PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENCE.

In his Seventh Cause of Action for Negligence, Plaintiff alleges "Defendants" (which necessarily includes Equilon) had a "duty to act reasonably to service Plaintiff's accounts." FAC at ¶ 55. Plaintiff also alleges:

> The Defendants failed to properly provide for accurate and diligent servicing of Plaintiff's accounts, due to their faulty or tardy billing and other administrative procedures. This failure to properly service Plaintiff's accounts caused Plaintiff to lose substantial contracts with several major accounts, and constituted a breach of the Defendants' duty to act reasonably for the care and safety of Plaintiff.

*Id.* at ¶ 57. As a result of the alleged negligence, Plaintiff "specifically" alleges "the loss of his interest in the commissions of the proceeds of subject sales." *Id.* at ¶ 58. *As to Equilon*, Plaintiff's business relationship with Equilon and entitlement to commissions were based solely on the terms of the Agreement. Thus, Plaintiff's allegations against Equilon sound in contract and under Texas law,

he is precluded from asserting a negligence claim arising out of an alleged breach of contract. *See Southwestern Bell Tel. Co. v. DeLanney*, 809 S. W. 2d 493, 494 (Tex. 1991); *see also Jim Walter Homes, Inc. v. Reed*, 711 S. W. 2d 617, 618 (Tex. 1986).[1] Consequently, Plaintiff's Seventh Cause of Action must be dismissed *as to Equilon*.

In addition, Plaintiff contends that the "administrative incompetence" of both Defendants "ended up costing [Plaintiff] commissions" as the Defendants "failed to properly provide for accurate and diligent servicing of Plaintiff's accounts…." Plaintiff's Opposition, p. 10 at ll. 25-27. Again, as to Equilon, Plaintiff fails to state a claim for negligence. The Agreement governed Plaintiff's relationship with Equilon and expressly set forth the parties' rights and obligations. Plaintiff has not pointed, and cannot point to any portion of the Agreement which could give rise to a duty on the part of Equilon part to "provide for accurate and diligent servicing of Plaintiff's accounts" for the simple reason that the Agreement does not require Equilon to service or administer Plaintiff's accounts at all, much less impose a particular standard for doing so. Accordingly, Plaintiff's Seventh Cause of Action for Negligence should be dismissed *as to Equilon* as it fails to state a claim.

### F. PLAINTIFF FAILS TO STATE A CLAIM FOR INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE.

Plaintiff's Eighth Cause of Action is nonsensical and subject to dismissal *as against Equilon* for failure to state a claim. Plaintiff contends that "both defendants" (which must include Equilon) "interfered with his prospective business advantage by disrupting the performance of the Agreement."[2] Plaintiff's Opposition, p. 11 at ll. 12-14. However, the *only* contractual relationship alleged by Plaintiff in the FAC was the Agreement between Plaintiff and Equilon. Accordingly, any alleged disruption of the performance of the Agreement *by Equilon necessarily requires Equilon to interfere with its own Agreement*. However, under either Texas or California law, in the context of a

---

[1] It is worth noting under the present set of facts, Plaintiff would not be able to maintain a tort claim under California law based upon a breach of contract. *See, e.g., Robinson Helicopter Co., Inc. v. Dana Corp*., 34 Cal. 4th 979, 989-990 (2004); *Benavides v. State Farm General Ins. Co.*, 136 Cal. App. 4th 1241, 1251-1252 (2006).

[2] As discussed in Equilon's moving papers, Plaintiff labels this claim "Interference with Prospective Business Advantage." However, based on the supporting allegations of the claim, Plaintiff appears to be alleging a claim for tortious interference with contract. *See* FAC at ¶¶ 60–65.

tortious interference with a contract claim, a party to the contract cannot interfere with its own contract. *Holloway v. Skinner*, 898 S. W. 2d 793, 804 (Tex. 1995); *see Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 514 (1994) ("the tort cause of action for interference with contract does not lie against a party to the contract"). No amount of discovery could "cure" this flaw and, accordingly, Plaintiff's Eighth Cause of Action must be dismissed.

### G. PLAINTIFF FAILS TO STATE A CLAIM FOR UNFAIR BUSINESS PRACTICE.

Plaintiff's Ninth Cause of Action for "Unfair Business Practice" should be dismissed for failure to state a claim. First, Texas law applies to this claim and, as discussed in greater detail in Equilon's moving papers, based upon the allegations of the FAC, Texas' Deceptive Trade Practices-Consumer Protection Act ("DTPA") does not apply to Plaintiff's allegations as they do not involve a consumer transaction. *See* Tex. Bus & Commerce Code §17.41, *et seq*.

In addition, the fatal flaws of Plaintiff's claim are apparent regardless of whether Texas or California law is applied. In his FAC, Plaintiff alleges that: (1) Equilon hired Plaintiff and then decreased his pay, (2) Equilon failed to inform Plaintiff about a "potential sale" of the Phoenix market before offering to buy the market from Plaintiff and (3) Plaintiff was "wedged out of all of his markets" markets and "ultimately terminated." FAC at ¶¶ 67–69. In his Opposition, Plaintiff clarifies that the alleged "unfair business practice" on the part of Equilon consisted of Equilon taking advantage of Plaintiff "and his ignorance of the financial data, concerning the amount they would pay him for three months' of the Phoenix market" and that "[u]nstated is Plaintiff's concern that the Phoenix market did not really close, nor did Defendant intend it to close." Plaintiff's Opposition, p. 12 at ll. 3-6. Neither the allegations of the FAC nor Plaintiff's subsequent explanation of the allegations save his claim.

First, there is no dispute that the relationship between Plaintiff and Equilon was governed by the Agreement, which expressly provides for the termination of markets without cause as well as compensation to Plaintiff in the event Equilon elected to terminate one or more markets. (Exhibit "A" to FAC ¶¶ 2 and 3) Thus, it is irrelevant as to the *reason* why any particular market may have been terminated because Equilon had no obligation under the Agreement to provide Plaintiff with a

7    Case No.  08 CV 00962 W (AJB)
REPLY IN SUPPORT OF DEFENDANT EQUILON ENTERPRISES LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

reason. If anything, Plaintiff's allegations confirm Equilon merely performed the terms of the mutually-agreed upon Agreement by paying Plaintiff three months commissions upon the termination of a market, which cannot be an "unfair business practice" under Texas or California law.

Second, if what Plaintiff is attempting to allege is that the alleged "ignorance of the financial data" or his "concern that the Phoenix market did not really close" somehow affected the amount of commissions he received under his contract, then his claim is for breach of contract. Accordingly, Plaintiff's claim must be dismissed.

## III.

## CONCLUSION

For all of the forgoing reasons, Equilon's Motion to Dismiss should be granted.

Dated: August 25, 2008

**WILSON PETTY KOSMO & TURNER LLP**

By: /s/ Robin A. Wofford
Robin A. Wofford
E-mail: rwofford@wpkt.com
Hubert Kim
E-mail: hkim@wpkt.com
Attorneys for Defendant
EQUILON ENTERPRISES LLC DBA
SHELL OIL PRODUCTS US

```
WILSON PETTY KOSMO & TURNER LLP
ROBIN A. WOFFORD (137919)
HUBERT KIM (204957)
550 West C Street, Suite 1050
San Diego, California  92101
Telephone:  (619) 236-9600
Facsimile:   (619) 236-9669
E-mail: rwofford@wpkt.com
E-mail: hkim@wpkt.com
```

Attorneys for Defendant EQUILON ENTERPRISES LLC
dba SHELL OIL PRODUCTS US

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL ST. JAMES,<br><br>            Plaintiff,<br><br>    v.<br><br>EQUILON ENTERPRISES, LLC, dba SHELL OIL PRODUCTS US; CITIGROUP BANK, and DOES 1 through 20, INCLUSIVE,<br><br>            Defendants. | Case No.  08 CV 0962 W (AJB)<br><br>**PROOF OF SERVICE BY ELECTRONIC SUBMISSION**<br><br>Complaint Filed: April 10, 2008 |

      I am familiar with the United States District Court, Southern District of California's practice for collecting and processing electronic filings. Under that practice, the following documents were electronically filed with the court on August 25, 2008:

      1. **DEFENDANT EQUILON ENTERPRISES LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

      The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

Elliott N. Kanter, Esq.
Law Offices of Elliott N. Kanter
2445 Fifth Avenue, Ste. 350
San Diego, CA 92101
Tele: (619) 231-1883
Fax:  (619) 234-4553
*Attorney for Plaintiff Samuel St. James*

I declare that I am employed by the office of a member of the bar of this court at whose direction the service was made.

Executed August 25, 2008, at San Diego, California.

By: _____/s/ Dana Y. Ibarra_____
Dana Y. Ibarra